### In re COVAD COMMUNICATIONS GROUP, INC., Debtor.

### No. CIV.A. 02–167–JJF.

United States District Court,
D. Delaware.

April 2, 2003.

Laura Davis Jones, Scotta M. McFarland, Pachulski, Stang, Ziehl, Young & Jones, P.C., Wilmington, Delaware, Richard M. Pachulski, Brad R. Godshall, Pachulski, Stang, Ziehl, Young & Jones, P.C., Los Angeles, California, for Debtor.

Joseph McMahon, David Buchbinder, Office of the United States Trustee, Wilmington, Delaware.

John Daniel McLaughlin, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, David S. Rosner, Alan Lungen, Kasowitz, Benson, Torres & Friedman, LLP, New York City, for the Ad Hoc Committee of Noteholders.

### *MEMORANDUM OPINION*

FARNAN, District Judge.

Pending before the Court is the request for an enhancement to lodestar rates with respect to the services provided by Pachulski, Stang, Ziehl, Young & Jones, P.C. ("Pachulski Stang"), legal counsel to the Reorganized Debtor in this Chapter 11

case. The Office of the United States Trustee ("Trustee") filed the only objection. The Court held a hearing on June 19, 2002, at which the Court heard testimony in support of the request for enhancement. The enhancement requested is one million dollars ($1,000,000) plus an option to purchase one hundred thousand (100,000) shares of Covad Communication, Inc.'s (the "Reorganized Debtor" or "Covad") stock at market issue price as of the day of issuance.

The Trustee opposes the enhancement for three reasons: (1) Pachulski Stang has not proven the facts upon which the request is based; (2) any dilution of creditors should result in the denial of the enhancement; and (3) the enhancement is not warranted under principles derived from "fee shifting" case law.

In support of the request, the Reorganized Debtor presented testimony at the June 19 hearing that established Pachulski Stang guided Covad through a successful Chapter 11 reorganization involving approximately three billion dollars in claims by virtue of a reasonable cash payment and a minimal dilution of equity resulting in a consensual plan of reorganization. The Court does not need to further describe the results achieved by Pachulski Stang for Covad and the interested parties because the results are indisputable. However, the Court recognizes the Trustee argued that Pachulski Stang's achievements were routine and within a range the Trustee believes should be expected of Chapter 11 counsel. The Court, in reaching its conclusion that Pachulski Stang is entitled to an enhancement, considered the Trustee's assessment of Pachulski Stang's achievements but finds the Trustee's assessment factually unsupported. In contrast, no creditor or equity interest holder objected to the requested enhancement. Additionally, interested parties have provided a much different assessment of Pa-

chulski Stang's achievements, an assessment the Court agrees with:

> One thing is clear from this bankruptcy case—Covad's reorganization was remarkable. Covad, facing certain failure, was able to reorganize with sufficient liquidity to execute its business plan, with the various creditor and equity constituencies receiving a substantial recovery—a true "win win" under the circumstances.

(D.I. 14 at 2).

In sum, the Court concludes that the requested enhancement is warranted by virtue of the witness testimony presented at the hearing, the circumstances of Covad's reorganization, the lack of objection by interested constituencies, and the Court's assessment of the results achieved by virtue of the skill and expertise of Pachulski Stang, specifically Laura Davis Jones. Therefore the Trustee's objection is overruled.

An appropriate Order has been entered.